# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RON C. EVERETT,                )
                               )
    Petitioner,            )
                               )
v.                             )  Case No. CV412-073
                               )
DONALD BARROW, *Warden*,       )
                               )
    Respondent.            )

## **REPORT AND RECOMMENDATION**

This case is back before the undersigned on one issue, whether 28 U.S.C. § 2254 petitioner Ron C. Everett is entitled to equitable tolling on his otherwise untimely filed § 2254 petition.

Everett was convicted of robbery, kidnapping, and elder abuse. *Everett v. State*, 297 Ga. App. 351, 351 (2009). The *Everett* decision issued on April 6, 2009, and Everett then had ten days after the Georgia Court of Appeals affirmed his conviction to file a notice of intent to apply for certiorari to the Georgia Supreme Court. Ga. S. Ct. Rule 38. He did not. Hence, his conviction became final on April 16, 2009, when his time for seeking review with the Georgia Supreme Court expired. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 656 (2012).

As recently explained in *French v. Carter*, ___ F. Supp. 2d ___, 2012 WL 515255 (S.D. Ga. Feb. 15, 2012), the one-year limitation clock established by 28 U.S.C. § 2244(d)(1)(A) ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play. *Id.* at * 2. Everett revealed that he did not file his state habeas petition until April 12, 2010. Doc. 1 at 3. Hence, he let 358 days lapse on the federal clock. That state habeas petition was denied on April 15, 2011. Doc. 1 at 3. He not only failed to file a timely appeal of that denial, doc. 1 at 30 (Georgia Supreme Court's November 30, 2011 dismissal of his state habeas appeal as untimely), but waited until March 12, 2012 to file his § 2254 petition in this Court. *Id.* at 14 (his signature date). Hence, he let the 365-day clock run out by a long shot, and the prior Report and Recommendation (R&R) advised dismissal of his petition as untimely. Doc. 8 at 2.

In his objection to that R&R, Everett insisted that he is entitled to equitable tolling because his counsel on direct appeal failed to timely inform him of the *Everett* decision. Doc. 11 at 2-3. Everett cites a prison official's statement that petitioner received no prison mail from "April 6, thru April 16, or 20, 2009." *Id.* at 3. However, he fails to say what inquiries he made about the status of his appeal during the nearly year-

2

long period that elapsed between April 20, 2009, when the *Everett* decision issued, and April 12, 2010, when he filed his state habeas petition. Nor does he acknowledge his failure to timely appeal the April 15, 2011 denial of that petition, much less the 103-day gap between November 30, 2011, when that appeal was dismissed as untimely, and March 12, 2012, when he filed his § 2254 petition here.

Nevertheless the district judge re-referred the matter for consideration on equitable tolling grounds. Doc. 12. Everett thus must now show "(1) that he has been pursuing his rights diligently and 2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quotes and cite omitted). To that end, "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case.[1]

---

[1] As the Eleventh Circuit explains:

> Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights. *Holland v. Florida*, 560 U.S. ——, 130 S. Ct. 2549, 2562 (2010). The Supreme Court has clarified that the prisoner must pursue his rights with "reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (quotations and citations omitted). . . . The prisoner bears the burden of demonstrating that extraordinary circumstances prevented the timely filing of a § 225[4 petition] such that equitable tolling applies, and mere conclusory allegations are not sufficient to raise the issue. *Equitable tolling is a rare and extraordinary remedy.*

Rather, the particular circumstances of each petitioner must be taken into account." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3rd Cir. 2011) (applying *Holland*).

But as this Court noted in *Clarkson v. Williams*, 2011 WL 6328367 at * 3 (S.D. Ga. Nov. 14, 2011), there is a *bottom* line in this area and it is this: "Judicial systems are operated by human beings who err. Defendants know this. They thus must make a reasonable inquiry, even if told they may rest easy and do nothing, where a large amount of time marches by and nothing happens in their cases." *Id.* (applying *Webster v. Secr'y for Dep't of Corrs.*, 384 F. App'x 979, 983 (11th Cir. 2010)); *see also Doe*, 2012 WL 1138779 at * 2 (denying equitable tolling to § 2255 movant who, *inter alia*, failed to "demonstrate how he exercised due diligence in

---

*Doe v. United States*, 2012 WL 1138779 at * 1 (11th Cir. Apr. 6, 2012) (emphasis added) (cite omitted).

    This burden includes showing causation -- a nexus between the extraordinary circumstance and the late filing of the federal habeas petition. *Bell. V. Fla. Atty. Gen.*, 2012 WL 386253 at * 5 (11th Cir. Feb. 7, 2012). Hence, even if an attorney, court, or some other external factor can be blamed for running out part of the one-year clock, no equitable tolling will be granted if the prisoner indolently runs out the rest. *Id.* ("Bell must also show a nexus between the extraordinary circumstance and the late filing of his federal habeas petitions, and it is often the case that causation is more difficult for a petitioner to prove if an extraordinary circumstance occurs early in the statute of limitations period.") (cite omitted). For that matter, a *pro se* litigant's ignorance of the law does not justify equitable tolling. *Maldonado v. United States*, 2012 WL 1143828 at * 1 (M.D. Fla. Apr. 5, 2012) (collecting cases). Nor does attorney negligence. *Maples v. Thomas*, 565 U.S. \_\_\_ 132 S. Ct. 912, 923 n. 7 (2012).

4

pursuing his rights" after he learned that his lawyer failed to file a notice of appeal; hence, he did not satisfy his equitable tolling burden).

That is why petitioners like Everett must bear the sometimes even fatal malpractice risk of a lost appeal, *Coleman v. Thompson*, 501 U.S. 722, 752–57, (1991) (condemned prisoner pursuing state habeas relief waived right to federal review, and thus could be executed, after his state habeas counsel negligently missed, by 3 days, deadline for appealing denial of state habeas petition); *id.* at 754 (applying Rest. Agency 2d § 242 (1958) ("master is subject to liability for harm caused by negligent conduct of servant within the scope of his employment").[2]

Still, even though attorney negligence can be fatal, attorney *abandonment* is not. *Maples v. Thomas*, 565 U.S. ___ 132 S.Ct. 912, 923 (2012). "Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Id.* Abandonment can figure into tolling the federal time bar, if not cause for excusing a procedural default in state court. *Id.,* n. 7. And when that abandonment combines with an external process that lulls or otherwise

---

[2] This point was *not* overruled by *Martinez v. Ryan*, 566 U.S. ___, 2012 WL 912950 at * 5-6 (Mar. 20, 2012), which modified *Coleman* on other grounds.

5

reasonably excuses prisoner inaction, tolling (or cause to overcome procedural default) may be found. But where only part of the 365-clock is consumed, the petitioner must show that he was diligent for the remaining part. See *supra* n. 1.

Everett has not shown that here, and thus he is not entitled to equitable tolling. Even excusing *arguendo* the time-gap he blames upon his appellate lawyer, and even assuming that his lawyer abandoned him (as opposed to merely completing his service upon the exhaustion of the normal appeal process), nevertheless petitioner does not deny that: (a) he waited until almost a year later, April 12, 2010, to file his state habeas petition and does not show that he made any inquiry or exercised any reasonable diligence during that time; (b) he failed to file a timely appeal of the denial of his state habeas petition (while representing himself); and (c) he does not even acknowledge, much less explain, the 103-day time gap between the dismissal of his state habeas appeal and his § 2254 filing here (again, while representing himself).

Everett knew or should have known that he was short on time by the time he filed his *state* habeas petition. That knowledge required him to be diligent in taking each additional litigation step. He was not. And

he cites no impediment or excuse for the substantial time that *he* let elapse. So even if the Court fully credits his claim that his lawyer's lack of communication justifies the front end of his federal time-clock consumption, he has failed to show why he should not be held responsible for the back end. That, in turn, means he has not shown, as *Holland* requires, that any extraordinary circumstances or impediments made it "impossible" to avoid the above-noted, substantial time gaps attributable to him. *See Bell,* 2012 WL 386253 at * 5; *Butte v. Allison,* 2012 WL 844314 at *16 (E.D. Cal. Mar. 12, 2012) (collecting similar "indolence" cases); Ann., 19 A.L.R. FED. 2D 491 § 36 (same).

Accordingly, his § 2254 petition should be **DISMISSED** as untimely.

**SO REPORTED AND RECOMMENDED** this  18th  day of April, 2012.

/s/ JR Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA