```
                                                              FILED
                                                         U.S. DISTRICT COURT
                                                           SAVANNAH DIV.
        IN THE UNITED STATES DISTRICT COURT FOR
          THE SOUTHERN DISTRICT OF GEORGIA    2012 MAY 23 AM 10:30
                    SAVANNAH DIVISION
```

RON C EVERETT, )
)
    Petitioner, )
)
v. ) CASE NO. CV412-073
)
DONALD BARROW, Washington )
State Prison, )
)
    Respondent. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 13), to which objections have been filed (Doc. 15). After a careful de novo review of the record, the Court concludes that Petitioner's objections are without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and the 28 U.S.C. § 2254 Petition is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

In his objections, Petitioner continues to contend that he is entitled to equitable tolling based on the alleged failure of his appellate counsel to inform him that the Georgia Court of Appeals had affirmed his conviction. (Id. at 4-7.) In support of his argument, Petitioner has submitted five letters he allegedly wrote to his appellate counsel inquiring as to the status of his appeal. (Id. at 8-12.) These, however, still

fail to establish that Petitioner was diligent in pursuing his rights. While Petitioner allegedly attempted to contact counsel to inquire about the status of his appeal, Petitioner never directed the same inquiry toward the Georgia Court of Appeals. Furthermore, Petitioner waited another nine months from his last alleged letter to file his state habeas petition, the denial of which he ultimately failed to timely appeal. Finally, Petitioner waited an additional 103 days from the dismissal of his untimely appeal to file his federal habeas petition. Based on these facts, the Court agrees with the Magistrate Judge that Petitioner is not entitled to equitable tolling because he has failed to establish that he diligently pursued his rights. Cf. Webster v. Sec'y for Dept. of Corr., 384 F. App'x 979, 981-83 (11th Cir. 2010) (affirming denial of equitable tolling despite appellate counsel's admitted failure to notify petitioner of decision on direct appeal).

SO ORDERED this 23RD day of May 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA